OPINION
{¶ 1} On April 28, 2005, appellee, Richland County Children Services Board, filed a complaint for permanent custody of Brandy Edwards born January 17, 2002 and Austin Edwards born December 10, 2003. Mother of the children is Jennifer Dunson; father of the children is appellant, Zachary Edwards.
 {¶ 2} A dispositional hearing before a magistrate was held on October 7, 2005. By decision filed November 14, 2005, the magistrate recommended granting permanent custody of the children to appellee.
 {¶ 3} Appellant filed objections. By judgment entry filed December 20, 2005, the trial court denied the objections and approved and adopted the magistrate's decision.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED TO APPELLANT FATHER'S PREJUDICE IN FINDING THAT APPELLANT FATHER WAS UNABLE OR UNWILLING TO PROVIDE A STABLE HOME AND PROVIDE FURTHER BASIC NEEDS OF THE CHILDREN."
 II {¶ 6} "THE TRIAL COURT ERRED IN FINDING THAT BRANDY AND AUSTIN EDWARDS WERE `SPECIAL NEEDS CHILDREN.'"
 III {¶ 7} "THE TRIAL COURT ERRED TO APPELLANT FATHER'S PREJUDICE IN FINDING THAT CLEAR AND CONVINCING EVIDENCE EXISTED THAT APPELLANT FATHER WAS UNWILLING TO OBTAIN EMPLOYMENT OR OTHERWISE LEGALLY PROCURE SUFFICIENT RESOURCES FOR THE CHILDREN."
 {¶ 8} Two separate appeals were filed, one for each child. The issues are the same. Because of the identical issues, we will address the two appeals in one opinion.
 I, II, III {¶ 9} Appellant's assignments of error challenge specific findings adopted by the trial court from the magistrate's decision. Appellant filed objections to the magistrate's decision, but failed to file a transcript of the magistrate's hearing with the trial court. Appellant now argues facts found by the magistrate are not supported by the evidence. A transcript of the magistrate's hearing has been filed for the appeal.
 {¶ 10} Appellant challenges the following specific facts: (1) appellant was unable or unwilling to provide a stable home and provide basic needs for the children; (2) the children have special needs; and (3) appellant was unwilling to obtain employment or provide sufficient resources for the children. See, November 14, 2005 Magistrate's Decision at ¶ 7, 8, 11, 12 and 13. Although the trial court in its December 20, 2005 judgment entry noted, "Neither party made a request for Findings of Fact and Conclusions of Law," the paragraphs enumerated supra are prefaced by the magistrate stating, "the magistrate finds the following facts to be established by clear and convincing evidence."
 {¶ 11} Pursuant to Juv.R. 40(E)(3)(c), challenges to findings of fact must be supported by a transcript filed with the trial court:
 {¶ 12} "If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may only object to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available."
 {¶ 13} Because appellant failed to file a transcript with the trial court pursuant to Juv.R. 40(E)(3)(c), we find the trial court was correct in denying appellant's objections to the magistrate's findings of fact, and the matter has not been properly perfected for appeal.
 {¶ 14} Assignments of Error I, II, and III are denied.
 {¶ 15} The judgment of the Court of Common Pleas of Richland County, Ohio, Juvenile Division is hereby affirmed.
By Farmer, J. Wise, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, Juvenile Division is affirmed.